IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Shawn Peticos, on behalf of himself and all others similarly situated, ) ) ) ) Plaintiff, ) ) C.A. No.: _____ v. ) ) Oral and Maxillofacial Surgery Associates, ) P.A., ) ) Defendant. ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441(a), (b) and § 1446, Defendant Oral and Maxillofacial Surgery Associates, P.A. ("Defendant"), files this Notice of Removal to the United States District Court for the District of South Carolina, Spartanburg Division.  Removal is proper based on the following grounds:

1.     Plaintiff Shawn Peticos, on behalf of himself and all others similarly situated, initiated a civil action captioned *Shawn Peticos, et al. v. Oral and Maxillofacial Surgery Associates, P.A.*, C. A. No. 2020-CP-42-03041 in the Court of Common Pleas of Spartanburg County, South Carolina.

2.     Defendant was served with a copy of the Summons and Complaint on October 26, 2020.  The documents attached hereto as "Exhibit A" constitute all the process and pleadings received by Defendant in this action to date.

3.     Upon information and belief, and according to the Complaint's allegations, Plaintiff is a resident and citizen of the State of North Carolina.  (*See* Complaint at ¶ 8.)

4.      Oral and Maxillofacial Surgery Associates, P.A. is incorporated in the State of South Carolina and its principal place of business is in the State of South Carolina. (*See id.* at ¶ 9.) Accordingly, Defendant is a citizen of the State of South Carolina for jurisdictional purposes.

5.      Thus, there is complete diversity of citizenship between Plaintiff and Defendant in this action.

6.      The amount in controversy in this action, exclusive of interest and costs, exceeds $75,000. The Complaint contains the following five causes of action: (1) negligence; (2) breach of implied contract; (3) violation of consumer identity theft protection act; (4) unjust enrichment; and (5) injunctive and declaratory relief. Plaintiff seeks unspecified damages, costs and expenses, and attorneys' fees. (*See* Complaint at ¶ 124n, o, p.) Furthermore, Plaintiff failed to plead that his damages were less than $75,000 in accordance with S.C.R. Civ. P. 8(a). Based upon the nature of the claims and damages sought, Plaintiff's allegations are adequate to establish an amount in controversy that exceeds $75,000.

7.      In light of the preceding allegations, removal is proper under 28 U.S.C. § 1441. This Court has original jurisdiction over this action under 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.

**THE CLASS ACTION FAIRNESS ACT GRANTS THIS COURT JURISDICTION OVER THIS ACTION**

8.      As an additional basis for federal jurisdiction, this Court has original jurisdiction over this action under the Class Action Fairness Act of 2005 (codified in pertinent part at 28 U.S.C. §§ 1332(d) and 1453(b)) ("CAFA"), because: (i) the putative class consists of at least 100 proposed class members; (ii) the citizenship of at least one proposed class member is diverse from Defendant; and (iii) the amount in controversy, after aggregating the sum or value of each

proposed class member's claim, exceeds $5 million, exclusive of interest and costs. *See Dominion Energy, Inc. v. City of Warren Police & Fire Ret. Sys.*, 928 F.3d 325, 330 (4th Cir. 2019).

9. Plaintiff proposes certification of the following class: "[a]ll persons whose PII and PHI was compromised as a result of the Data Breach announced by OMSA beginning on or about February 21, 2020." (Complaint at ¶ 58.) Plaintiff alleges that the numerosity requirement under Federal Rule of Civil Procedure 23(a)(1) is met as the Data Breach implicated more than 35,000 persons. (*See id.* at ¶ 62.) Accordingly, the Proposed Class consists of at least 100 potential putative class members, and the requirement under 28 U.S.C. § 1332(d)(5) is satisfied.

10. As alleged and previously stated in this Notice of Removal, Defendant is incorporated in the state of South Carolina and its principal place of business is in the state of South Carolina. (*See id.* at ¶ 9.)

11. According to the Complaint's allegations, Plaintiff as the named Plaintiff of the putative class is not a resident of South Carolina. (*See id.* at ¶ 8.) Thus, 28 U.S.C. § 1332(d)(2)'s diversity of citizenship requirement, minimal diversity between at least one proposed class member and Defendant, is met.

12. Plaintiff requests on his own behalf and on behalf of the Proposed Class, a mandatory injunction, damages, costs and expenses, and attorneys' fees. (*See id.* at ¶ 124n, o, p.) Such liability is predicated upon Plaintiff's allegations that Defendant breached a duty by failing to properly and adequately safeguard Plaintiff's and Proposed Class Members' personally identifiable information ("PII") and protected health information ("PHI"). As a result of the alleged breach, Plaintiff seeks recovery of at least $3,000 per violation under the consumer identity theft protection act, plus attorneys' fees and costs for himself and each member of the Proposed Class. (*See id.* at ¶ 106.) This request puts the amount in controversy at over $100 million ($3,000 x 35,000 putative

class members). Accepting Plaintiff's factual allegations as true and legal allegations as correct solely for evaluating the amount in controversy, based on the number of putative class members as well as the damages and other relief sought, the amount in controversy requirements under 28 U.S.C. §§ 1332(d)(2) and 1332(d)(6) are met.

13.     A primary purpose of CAFA is to provide federal court consideration of interstate cases of national importance under diversity jurisdiction. *See* Class Action Fairness Act of 2005, Pub. L No. 109-2, § 2(b)(2), 119 Stat. 4 (2005).

14.     Plaintiff alleges that data breaches and cyberattacks in the healthcare sector in particular are a matter of national importance. Plaintiff supports this allegation by including in the Complaint numerous statistics of data breaches in the United States over the past few years. (*See* Complaint at ¶ 20, 21, 22, 23, 24.)

15.     In the Complaint, Plaintiff proceeds to raise matters of national importance by alleging that Defendant either violated or failed to comply with multiple federal laws, regulations, and guidelines.

16.     Plaintiff asserts that Defendant failed to comply with federal requirements and regulations under the Health Insurance Portability and Accountability Act ("HIPAA") in detail. (*See id.* at ¶ 17, 18, 19, 96(b)-(f).)

17.     Plaintiff also states "[Defendant] **violated** Section 5 of the Federal Trade Commission Act by failing to use reasonable measures to protect patients' PII and PHI and not complying with applicable industry standards." (*Id.* at ¶ 78.) Additionally, Plaintiff alleges that Defendant failed to comply with other Federal Trade Commission guidelines related to data security practices. (*See id.* at ¶ 36, 37, 38, 39, 40.)

4

18. Further, Plaintiff alleges that Defendant failed to comply with national industry cybersecurity standards promulgated by the Department of Health and Human Services' Office for Civil Rights. (*See id.* at ¶ 42, 43, 45.)

19. In light of the preceding allegations, this Court has original jurisdiction over this action under 28 U.S.C. § 1332(d) because the putative class consists of at least 100 proposed class members; the citizenship of at least one proposed class member is diverse from Defendant; the amount in controversy, after aggregating the sum or value of each proposed class member's claim, exceeds $5 million, exclusive of interest and costs; and this is an interstate case of national importance.

20. Defendant submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff and without conceding that Plaintiff has alleged claims upon which relief may be granted.

21. This Notice of Removal is filed with the Court within thirty (30) days of service of the Summons and Complaint, in accordance with 28 U.S.C. § 1446(b).

22. This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

23. Written notice of the filing of this Notice of Removal will be given to Plaintiff, and together with a copy of the Notice of Removal and supporting papers, will be filed with the Clerk of Court for the County of Spartanburg, South Carolina.

WHEREFORE, Defendant gives notice that the referenced action pending in the Court of Common Pleas for Spartanburg County has been removed to the United States District Court for the District of South Carolina, Spartanburg Division.

Respectfully submitted,

By: s/ *T. Chase Samples*
T. Chase Samples (Fed. Bar No. 10824)
Email: Chase.Samples@jacksonlewis.com
Laura A. Ahrens (*Fed. Bar Admission Pending*)
Email:  Laura.Ahrens@jacksonlewis.com
JACKSON LEWIS P.C.
15 South Main Street, Suite 700
Greenville, SC 29601
Phone:  (864) 232-7000

Damon W. Silver, Esq.
(*Pro Hac Vice Admission Pending*)
Email:  Damon.Silver@jacksonlewis.com
JACKSON LEWIS P.C.
666 Third Ave., 29th Floor
New York, NY 10017
Phone:  (212) 545-4063

Jason C. Gavejian, Esq.
(*Pro Hac Vice Admission Pending)*
Email:  Jason.Gavejian@jacksonlewis.com
JACKSON LEWIS P.C.
200 Connell Drive, Suite 2000
Berkeley Heights, NJ 07922
Phone:  (908) 795-5139

*ATTORNEYS FOR DEFENDANT*

Dated:  November 25, 2020

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing **DEFENDANTS' NOTICE OF REMOVAL TO FEDERAL COURT** was filed via ECF this 25th day of November, 2020, which automatically sends electronic notice, and *via* U.S. Mail and e-mail to:

Patrick Graves, Esq.
MORGAN & MORGAN
170 Meeting Street, Suite 110
Charleston, SC 29401
Email: pgraves@forthepeople.com

John A. Yanchunis, Esq.
Patrick A. Barthle, Esq.
MORGAN & MORGAN
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Email: jyanchunis@forthepeople.com
Email: pbarthle@forthepeople.com

Joel R. Rhine, Esq.
Martin A. Ramey, Esq.
RHINE LAW FIRM, P.C.
1612 Military Cutoff Rd., Suite 300
Wilmington, NC 28403
Email: jrr@rhinelawfirm.com
Email: mjr@rhinelawfirm.com

s/ *T. Chase Samples*

This 25th day of November, 2020.

4831-3457-4802, v. 4

7